United States v. Delgiudice

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of October, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
               JON O. NEWMAN,
               GERARD E. LYNCH,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        **Appellee**,

        -v.-                                          10-0677

RICHARD DELGIUDICE,
        **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Laurie S. Hershey, Manhasset,
                          New York.

FOR APPELLEES:            Michael D. Maimin, Katherine
                          Polk Failla, Assistant United
                          State Attorneys *for* Preet
                          Bharara, United States Attorney
                          for the Southern District of New
                          York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Richard Delgiudice appeals from a judgment of conviction, following a guilty plea to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Delgiudice argues that the district court violated Federal Rule of Criminal Procedure 11 and that the forfeiture amount is without evidentiary basis. Delgiudice brought neither objection to the attention of the district court and therefore must show plain error. <u>See</u> <u>United States v. Vonn</u>, 535 U.S. 55 (2002) (discussing Rule 11 error); <u>United States v. Uddin</u>, 551 F.3d 176, 181 (2d Cir. 2009) (discussing forfeiture). He does not.

**[1]** Delgiudice argues that the district court violated Rule 11(b)(3) by accepting his plea without a factual basis. To comply with the Rule, the court must "'assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'" <u>United States v. Garcia</u>, 587 F.3d 509, 514 (2d Cir. 2009) (quoting <u>United States v. Maher</u>, 108 F.3d 1513, 1524 (2d Cir. 1997)). "The court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." <u>United States v Andrades</u>, 169 F.3d 131, 136 (2d Cir. 1999).

Delgiudice pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. The elements of such a conspiracy are "the existence of a conspiracy[,] the defendant's willful joining it," <u>United States v. Story</u>, 891 F.2d 988, 992 (2d Cir. 1989), and the quantity of narcotics involved, <u>United States v. Gonzalez</u>, 420 F.3d 111, 129 (2d Cir. 2005). There must be at least one person in the conspiracy (apart from the defendant) not acting as an agent for the government. <u>United States v. Goldberg</u>, 756 F.2d 949, 958 (2d Cir. 1985).

Notwithstanding initial confusion in Delgiudice's allocution as to the date of the conspiracy, the parties provided facts sufficient to substantiate each element of the offense.  Delgiudice admitted to entering an agreement with others in July of 2005 to purchase and distribute two kilograms of heroin.  Defense counsel clarified that the transaction to which Delgiudice was pleading guilty actually occurred in June of 2005.  As the prosecutor explained, Delgiudice's co-conspirator was acting as a government agent in July but not in June.  Delgiudice then admitted to arranging to purchase and distribute one kilogram of heroin in June.  Given these statements, there is no plain error.

**[2]** Based on the street-value of two kilograms of heroin, the court ordered Delgiudice to pay $96,000 in forfeiture.  Delgiudice asserts that there was only evidentiary basis for his having possessed and distributed one kilogram of heroin.

Delgiudice waived this argument.  "[W]aiver is the 'intentional relinquishment or abandonment of a known right.'"  United States v. Olano, 507 U.S. 725, 733 (1993) (internal citations omitted); see also United States v. Polouizzi, 564 F.3d 142, 153 (2d Cir. 2009) (finding that the defendant waived his right to appeal when the court presented the defendant with a proposed jury instruction and the defendant agreed that it was satisfactory).  When the court indicated that it would order forfeiture of $96,000, defense counsel was told, "[i]f you think that there is something that might demonstrate that I have some authority or basis to order something different, I'll give you that opportunity."  After conferring with Delgiudice, counsel replied, "[y]our honor, we will accept your judgment on it."

Finding no merit in Delgiudice's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3